**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| DAVID WILSON, | : | **CIV. NO. 18-9591 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| NEW JERSEY DEP'T OF CORR., *et al.*, | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff David Wilson, a prisoner presently confined at Bayside State Prison in Leesburg, New Jersey brings this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-3), which establishes his eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is

immune from such relief. For the reasons discussed below, Plaintiff's complaint may proceed against Warden John Powell, Commissioner Gary Lanigan, and the John Doe Defendants and the claim against the New Jersey Department of Corrections is dismissed with prejudice.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

Plaintiff alleges Warden John Powell at Bayside State Prison, Commissioner Gary Lanigan of the New Jersey Department of Corrections, John Doe Defendants, and the New Jersey Department of Corrections were deliberately indifferent to his health and safety

by refusing to do anything about the dangerous level of asbestos and nonfunctioning ventilation system in Bayside State Prison that caused Plaintiff to develop a constant cough, which he fears may damage his future health.

    B.    <u>Claims Under 42 U.S.C. § 1983</u>

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

    C.    <u>The New Jersey Department of Corrections</u>

A suit against a state's Department of Corrections is barred by sovereign immunity of the Eleventh Amendment. <u>Quern v. Jordan</u>,

440 U.S. 332, 340 (1979) (quotations omitted). "Section 1983 does not abrogate states' immunity … and the State of New Jersey has not consented to suit in federal court." Green v. New Jersey, 625 F. App'x 73, 75 (3d Cir. 2015) (citing Quern, 440 U.S. at 340-41)). The § 1983 claims against the New Jersey Department of Corrections are dismissed with prejudice.

III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application, permits the Eighth Amendment conditions of confinement claims against Warden John Powell and Commissioner Gary Lanigan to proceed, and dismisses the claim against the New Jersey Department of Corrections with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c)(1). An appropriate order follows.


DATE: October 31, 2018

                        s/Renée Marie Bumb
                        **RENÉE MARIE BUMB**
                        **United States District Judge**