**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE

DAVID WILSON,                 :    CIV. NO. 18-9591 (RMB)
                              :
              Plaintiff       :
                              :
     v.                       :    OPINION
                              :
NEW JERSEY DEP'T OF CORR.,    :
et al.,                       :
                              :
                              :
              Defendants      :
```

APPEARANCES:

DAVID WILSON
    Plaintiff *Pro Se*

NICHOLAS SULLIVAN, Esq.
Deputy Attorney General
Office of the Attorney General of New Jersey
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625-0112
    On behalf of Defendants Gary Lanigan and John Powell

**BUMB**, DISTRICT JUDGE

    This matter comes before the Court upon the State Defendants'[1] First Motion to Dismiss in Lieu of an Answer. (Mot. to Dismiss, ECF No. 14; State Defs' Brief, ECF No. 14-3.) Plaintiff filed a brief in opposition to the motion to dismiss. (Pl's Brief in Opp.,

---

[1] The State Defendants are Gary Lanigan, Commissioner of the Department of Corrections and John Powell, Warden of Bayside State Prison. (State Defs' Brief, ECF No. 14-3 at 13.)

ECF No. 15.) The State Defendants filed a reply brief. (State Defs.' Reply Brief, ECF No. 16). The Court will decide the motion on the briefs, without oral hearing, pursuant to Federal Rule of Civil Procedure 78(b).

I. BACKGROUND

A. Procedural History

Plaintiff David Wilson, a prisoner confined at Bayside State Prison in Leesburg, New Jersey filed this civil rights complaint under 42 U.S.C. § 1983 on May 22, 2018. (Compl., ECF No. 1.) The Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 and screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). (Opinion, ECF No. 3; Order, ECF No. 4.) The Court dismissed with prejudice the claim against the New Jersey Department of Corrections. (Id.)

Summonses were returned executed as to Gary Lanigan and John Powell in February 2019, and the State Defendants filed a timely motion to dismiss in lieu of an answer on March 14, 2019. (Mot. to Dismiss, ECF No. 14.) Plaintiff filed a brief in opposition to the motion to dismiss on March 15, 2019, and the State Defendants filed a reply brief on April 25, 2019. (Pl's Opp. Brief, ECF No. 15; State Defs' Reply Brief, ECF No. 16.)

B.   The Complaint

Plaintiff alleges that when he was transferred to Bayside State Prison on June 26, 2017, he was in good health. (Compl., ECF No. 1, ¶2.) After two months, he developed a cough and went to the medical department. (Id.) He noticed there were signs posted on the doors leading to the plumbing of each cell on his unit that read "caution do not enter." (Id., ¶3.) Upon information and belief, Plaintiff alleged there is asbestos in the prison, which was why caution signs were posted on Units A, B, C, D, E, and F. (Id., ¶4.) Plaintiff had been housed in Units B, E and D. (Id.) Plaintiff also noticed that the ventilation system was not working, and upon information and belief, it had been out of order for close to a decade. (Id., ¶5.)

Plaintiff asked to be tested for asbestos on or about September or October 2017, but his request was denied. (Id., ¶6.) In May 2018, Plaintiff asked Defendant Powell if the asbestos was life threatening and Powell answered in the negative. (Id., ¶7.) During the summer in 2017, numerous inmates were passing out in their cells from lack of ventilation. (Id., ¶8.) Plaintiff alleges Defendants Lanigan, Powell and John Does 1-10 refused to take corrective action because they are protecting the reputation of the jail against claims that it is a hazardous environment. (Id., ¶10.) Plaintiff further alleges the defendants have failed to

3

remove him from the hazardous environment "even after acknowledging the threat and risk the jail poses to the plaintiff Wilson's health and life." (Compl., ECF No. 1, ¶14.)

In response to Plaintiff's grievances, Defendant Powell told Plaintiff to address his concerns with the medical department and refused to answer questions about the caution signs posted on the door to the plumbing of his cell. (Id., ¶¶16-17.) Plaintiff suffered from inhaling thick clouds of dust in his cell in the B, E and D housing wings. (Id., ¶18.) The kitchen and shop areas of Bayside prison have been closed down on occasion "due to strong systems of asbestos." (Id., ¶20.) Plaintiff informed Defendant Lanigan and his office about the problem and Lanigan refused to take corrective action. (Id., ¶22.) For relief, Plaintiff seeks compensatory and punitive damages. (Id. at 8.) It is not clear whether Plaintiff seeks injunctive relief. Plaintiff wrote the words "Injunctive Relief" in his complaint, but he did not describe any injunctive relief that he seeks.

    C.   <u>The State Defendants' Motion to Dismiss</u>

The State Defendants assert Plaintiff's § 1983 claims against them in their official capacities are barred by the Eleventh Amendment and because they are not "persons" amenable to suit under § 1983 in their official capacities. (State Defs' Brief, ECF No. 14-3 at 6-9.) The State Defendants recognize that prospective

4

injunctive relief may be sought against state officials acting in their official capacities under § 1983, but here Plaintiff seeks monetary relief. (State Defs' Brief, ECF No. 14-3 at 8.)

The State Defendants also seek dismissal of Plaintiff's claims against them in their individual capacities, contending that Plaintiff failed to allege specific facts of their personal involvement in his claims. (Id. at 10-14.) The State Defendants maintain that Plaintiff's threadbare allegation that he asked Defendant Powell whether the asbestos posed a risk to his health, and Powell said it did not, is insufficient to impute actual knowledge of asbestos or a broken ventilation system. (Id. at 13.) Similarly, the State Defendants argue Plaintiff's allegation that he informed Defendant Lanigan and his office of the issue and Lanigan failed to act is insufficient to state a claim. (Id.)

D. Plaintiff's Opposition Brief

In opposition to the motion to dismiss, Plaintiff points out that the parties have not yet engaged in discovery. (Pl's Opp. Brief, ECF No. 15 at 1.) He alleges that there are caution signs on more than fifty closet doors in the prison. (Id.) He fears he will develop cancer. (Id.)

E. State Defendants' Reply Brief

In reply, the State Defendants argue that Plaintiff failed to address their legal claims. (State Defs' Reply Brief, ECF No. 16

5

at 2.) Further, they claim it is illogical to assume that caution signs indicate the presence of asbestos. (Id. at 2-3.)

II. DISCUSSION

   A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), courts may dismiss a complaint for failure to state a claim upon which relief may be granted. A plaintiff need only present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Palakovic v. Wetzel, 854 F.3d 209, 219 (3d Cir. 2017) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in original)).

"'[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citation and internal quotation marks omitted). A claim is facially plausible if the factual content "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id.

Courts assessing the sufficiency of a complaint on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) should first determine

6

the elements a plaintiff must plead to state a claim, and second identify allegations that are no more than conclusions, which are not entitled to the assumption of truth. Palakovic, 854 F.3d at 220 (citing Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011)(internal quotation marks omitted) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)). Third, courts should assume well-pleaded factual allegations are true and "then determine whether they plausibly give rise to an entitlement for relief.'" Id.

 B. Eighth Amendment Conditions of Confinement Claim Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation

was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

    a. Official Capacity Claims

The Eleventh Amendment provides, in relevant part, "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State..." The Eleventh Amendment bars § 1983 claims for monetary damages against state officials in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Claims for prospective injunctive relief are not barred by the Eleventh Amendment. Green v. Mansour, 474 U.S. 64, 68 (1985) (citing Ex Parte Young, 208 U.S. 123, 155-56, 159 (1908)).

Plaintiff seeks monetary damages against the State Defendants in their official capacities and has not clearly sought prospective injunctive relief. The Court will dismiss the official capacity claims against the State Defendants without prejudice.

    b. Personal Involvement in an Eighth Amendment violation

The treatment a prisoner receives and his conditions of confinement are subject to scrutiny under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832 (1994). For a claim based on

failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834 (citing Helling v. McKinney, 509 U.S. at 25, 35 (1993)); see Fontroy v. Owens, 23 F.3d 63, 65 (3d Cir. 1994) ("Helling permits a plaintiff to proceed on a cause of action alleging an unreasonable risk of future injury from present exposure to asbestos.")

A prisoner states an Eighth Amendment claim by alleging the defendants, "with deliberate indifference," exposed him to a toxic environment that poses an unreasonable risk of serious damage to his future health. Helling, 509 U.S. at 35. Objectively, the plaintiff must show he is being exposed to an unreasonably high level of a toxic substance, in this case, asbestos. (Id.) Additionally, a court must assess whether "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Id. at 36.

A plaintiff must also establish the defendants' deliberate indifference to the risk of injury to the plaintiff's health, which should be judged by the defendants' attitude and conduct. Id. "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat

9

superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

To establish that he is exposed to asbestos at a level that poses an unreasonable risk of serious damage to his future health, Plaintiff must plead additional facts. Plaintiff alleged that upon information and belief, there is asbestos in the prison, which was why caution signs were posted on Units A, B, C, D, E, and F. (Id., ¶4.) Plaintiff must allege what information he relies on to form his belief that there is asbestos present, and that the asbestos is present at a level that poses an unreasonable risk to his future health. Plaintiff should also elaborate on his claim that the kitchen and shop areas of Bayside prison have been closed down on occasion "due to strong systems of asbestos." (Id., ¶20.) For example, when did this occur and how did Plaintiff learn asbestos was the cause for closing the kitchen and shop?

Plaintiff also alleged that upon information and belief, the ventilation system has been out of order for close to a decade. Plaintiff should describe the information upon which he draws this conclusion. Plaintiff further alleges the defendants have failed to remove him from the hazardous environment "even after acknowledging the threat and risk the jail poses to the plaintiff

Wilson's health and life." (Compl., ECF No. 1, ¶14.) Plaintiff should elaborate on how and when each defendant acknowledged the threat and risk the jail poses to Plaintiff.

These additional facts are needed to determine whether Plaintiff's allegation that asbestos in Bayside State Prison poses an unreasonable risk of serious damage to his future health states a plausible claim for relief. Therefore, the Court grants the State Defendants' motion to dismiss the Eighth Amendment claims under § 1983 against Defendants Powell and Lanigan in their individual capacities and the claims are dismissed without prejudice.

III. CONCLUSION

For the reasons stated above, the Court grants the State Defendants' motion to dismiss.

An appropriate order follows.

DATE: September 18, 2019

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**