NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DAVID WILSON,                    :    CIV. NO. 18-9591 (RMB)
                                 :
              Plaintiff          :
                                 :
       v.                        :         **OPINION**
                                 :
NEW JERSEY DEP'T OF CORR.,       :
*et al.*,                        :
                                 :
              Defendants         :
_____  :

BUMB, DISTRICT JUDGE

This matter comes before the Court upon Plaintiff's motion to amend the complaint (Mot. to Amend, Dkt. No. 20) and motion for injunctive relief. (Mot for Inj., Dkt. No. 21.) For the reasons discussed below, the Court will dismiss Plaintiff's motions as moot, direct the Clerk to file Plaintiff's amended complaint, and dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

When a prisoner is permitted to proceed without prepayment of the filing fee, "[n]otwithstanding any filing fee … that may have been paid, the court shall dismiss the case at any time if the court determines that-- (B) the action or appeal-- (ii) fails to state a claim on which relief may be granted[.]") 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    BACKGROUND

Plaintiff David Wilson, a prisoner confined at Bayside State Prison in Leesburg, New Jersey filed this civil rights complaint under 42 U.S.C. § 1983, on May 22, 2018. (Compl., ECF No. 1.) The Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 and screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). (Opinion, ECF No. 3; Order, ECF No. 4.) The Court dismissed with prejudice the claim against the New Jersey Department of Corrections and permitted other claims to proceed. (Id.)

Summonses were returned executed as to Gary Lanigan and John Powell in February 2019, and the State Defendants filed a timely motion to dismiss in lieu of an answer on March 14, 2019. (Mot. to Dismiss, ECF No. 14.) The Court granted the State Defendants' motion to dismiss, dismissed the complaint without prejudice, and permitted Plaintiff to file an amended complaint. (Order, Dkt. No. 18.) Plaintiff has shown good cause why the amended complaint was not timely filed in compliance with the Order granting Plaintiff permission to file an amended complaint. (Letter, Dkt. No. 19.) Therefore, Plaintiff's motion to amend the complaint is moot and the Court will direct the Clerk to file the amended complaint.

In the Opinion dated September 18, 2019, the Court pointed out the following pleading deficiencies for Plaintiff to address in an amended complaint:

> To establish that he is exposed to asbestos at a level that poses an unreasonable risk of serious damage to his future health, Plaintiff must plead additional facts. Plaintiff alleged that upon information and belief, there is asbestos in the prison, which was why caution signs were posted on Units A, B, C, D, E, and F. (Compl., ¶4.) Plaintiff must allege what information he relies on to form his belief that there is asbestos present, and that the asbestos is present at a level that poses an unreasonable risk to his future health. Plaintiff should also elaborate on his claim that the kitchen and shop areas of Bayside prison have been closed down on occasion "due to strong systems of asbestos." (Id., ¶20). For example, when did this occur and how did Plaintiff learn asbestos was the cause for closing the kitchen and shop?
>
> Plaintiff also alleged that upon information and belief, the ventilation system has been out of order for close to a decade. Plaintiff should describe the information upon which he draws this conclusion. Plaintiff further alleges the defendants have failed to remove him from the hazardous environment "even after acknowledging the threat and risk the jail poses to the plaintiff Wilson's health and life." (Compl., ECF No. 1, ¶14.) Plaintiff should elaborate on how and when each defendant acknowledged the threat and risk the jail poses to Plaintiff.

(Opinion, Dkt. No. 17 at 10-11.)

II.   SUA SPONTE DISMISSAL

Courts must liberally construe pleadings that are filed pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Iqbal, 556 U.S. at 678.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a

4

complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

III. DISCUSSION

    A.   The Amended Complaint

Plaintiff alleges John Powell, the warden of Bayside State Prison, Gary Lanigan, Commissioner of the Department of Corrections during the relevant time period, and John Does 1-3 subjected him to conditions of confinement that violate the Eighth Amendment. (Am. Compl., Dkt No. 20 at 7-13.) Jurisdiction is asserted under 42 U.S.C. § 1983. Plaintiff alleges that he suffers from a breathing condition and coughing attacks, which he relates to asbestos and dirty air in the prison. He alleges that the ventilation system is old and broken, spreading dirty air and precluding the prison from maintaining an "adequate temperature."

Plaintiff alleges that he made numerous complaints about the hazardous air and inadequate ventilation system but the defendants refused to act. Specifically, he alleges that "the defendants John Doe 1 to 3 personally examined each housing unit in accordance with his job d[e]scription" and ignored the unsafe environment. (Am. Compl., ¶, Dkt. No. 7 at 7.) According to Plaintiff, "the

5

defendants John Doe 1 to 3 are responsible for the safety of the Bayside State Prison housing units that [were] built with a[n] exhaust and ventilation system to circulate, filter and manage the air flow in the cells to maintain a safe housing unit" and they have witnessed "the dirt piling up on top of dirt in the cell on the housing unit where plaintiff Wilson is being housed (Id., ¶¶ 10, 11.) Plaintiff further alleges that John Does 1-3 are the persons who "inherited the defendants Powell and Lanigan's job to protect the plaintiff Wilson from hazardous prison living conditions…." (Id., ¶11.) In his motion for injunctive relief, Plaintiff alleges there are new signs in B-Unit that state "Caution X119 Insulation." (Mot. for Inj., Dkt. No. 21 at 2.) For relief, Plaintiff seeks attorney fees and injunctive relief of transfer to another prison.

      B.   Eighth Amendment Conditions of Confinement Claims

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). The treatment a prisoner receives and his conditions of confinement are subject to scrutiny under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832 (1994). For a claim

6

based on failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834 (citing Helling v. McKinney, 509 U.S. at 25, 35 (1993)); see Fontroy v. Owens, 23 F.3d 63, 65 (3d Cir. 1994) ("Helling permits a plaintiff to proceed on a cause of action alleging an unreasonable risk of future injury from present exposure to asbestos.")

A prisoner states an Eighth Amendment claim by alleging the defendants, "with deliberate indifference," exposed him to a hazardous environment that poses an unreasonable risk of serious damage to his future health. Helling, 509 U.S. at 35. Objectively, the plaintiff must show he is being exposed to an unreasonably high level of a harmful substance. Id. Additionally, a court must assess whether "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id. at 36.

A plaintiff must also establish the defendants' deliberate indifference to a risk to his or her health. Id. "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal

direction or of actual knowledge and acquiescence." <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) (quoting <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988)).

C. <u>Analysis</u>

Plaintiff has not alleged sufficient facts to establish that he has been exposed to an unreasonably high level of harmful substances in the air at Bayside State Prison that pose a substantial risk to his present or future health. Plaintiff's claims against Powell and Lanigan are based solely on his complaints to them about fearing that he is breathing asbestos and dirty air. The amended complaint contains new allegations that John Does 1-3 examined the housing units and that they witnessed dirt piling up on Plaintiff's housing unit over his cell. Plaintiff, however, does not allege that these unnamed defendants discovered exposed asbestos or any other harmful substance or dysfunction of the ventilation system.

Plaintiff also alleges there are new caution signs in his housing unit for "X119 insulation." Plaintiff, however, does not allege that the insulation contained asbestos and was exposed. Although Plaintiff has alleged having symptoms that he contends are caused by breathing harmful substances, he does not allege that he has not been medically evaluated or treated for his medical complaints. Plaintiff also alleges that the ventilation system

8

does not maintain an "adequate temperature." This allegation is insufficient to establish a serious risk to Plaintiff's health based on exposure to high or low temperatures.

In sum, Plaintiff has failed to allege sufficient facts supporting his conclusion that he was exposed to a serious risk to his health or that any defendant was aware of and failed to protect him from a serious risk of present or future injury from breathing a hazardous substance or exposure to temperature extremes. See e.g. Carter v. Owens, No. 17CV00182JBSAMD, 2017 WL 3107204, at *9-10 (D.N.J. July 21, 2017) (dismissing complaint for failure to allege lack of ventilation was sufficiently serious or that defendants were deliberately indifferent); Riley v. DeCarlo, 532 F. App'x 23, 26 (3d Cir. 2013) (affirming dismissal of claims where the plaintiff failed to establish prison officials were deliberately indifferent to poor air quality that caused the plaintiff's ailments).

IV.  CONCLUSION

For the reasons stated above, the Court will dismiss the amended complaint without prejudice for failure to state a claim. An appropriate order follows.


**DATE: August 6, 2020**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

9